# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDDIE WISE, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 15-01331 (CKK) |
| UNITED STATES, *et al.*, | |
| Defendants | |

## MEMORANDUM OPINION
(September 11, 2015)

Plaintiffs filed suit on August 14, 2015 against the United States Department of

Agriculture ("USDA") and several individuals in their official and individual capacities[1],

alleging various state and federal claims, arising out of the circumstances surrounding the denial

of a farm operating loan.  Presently before the Court is Plaintiffs' [3] Emergency Motion for

Temporary Restraining Order and Emergency Motion to Set Hearing for Preliminary Injunction

("Motion for Preliminary Injunctive Relief").  Also pending before the Court is the Defendants'

[4] Motion to Dismiss[2], which was filed subsequent to the filing of Plaintiffs' Motion for

Preliminary Injunctive Relief.

Upon consideration of the pleadings,[3] the relevant legal authorities, and the record as a

whole, the Court DENIES Plaintiffs' Motion for Preliminary Injunctive Relief.  The Court is

---

[1] The five named Defendants in this action are the United States, the USDA, Tom Vilsack in his official capacity as Secretary for the USDA, Paula Nichols in her individual capacity, and Charles M. Huskey in his individual capacity.

[2] The Motion to Dismiss was filed by the United States, the USDA, and the Secretary of the USDA.  According to the Motion to Dismiss, the two remaining Defendants, Paula Nichols and Charles Huskey, have not been served, and no counsel has made an appearance on their behalf.

[3] The Court's consideration has focused on the following documents:  Complaint, ECF No. [1] ("Compl."); Pls.' Emergency Mot. for TRO and Emergency Mot. to Set Hr'g for Prelim. Inj. to Enjoin a Foreclosure Hearing and Foreclosure Action against Pls. Pending This Suit or Pending Suit in the Court of Federal Claims ("Pls.' Mot."), ECF No. [3]; Defs.' Mem. in Opp'n to Pls.'

mindful that Plaintiffs have not yet been afforded an opportunity to respond to Defendants' [4]

Motion to Dismiss.  Accordingly, although the Court harbors considerable doubt that Plaintiffs

will ultimately be able to demonstrate to this Court's satisfaction that it can exercise jurisdiction

over Plaintiffs' case under the first-to-file rule, it declines to dismiss the case at this time.

## I. BACKGROUND

As stated in the complaint, *pro se* Plaintiffs, Eddie and Dorothy Wise, are the operators of

a livestock farm in Nash County, North Carolina.  Compl. ¶ 2.  Plaintiffs have previously

received farm operating loans under the USDA-FSA Farm Loan Program.  *Id.* ¶ 7-9.  In

September 1997, the Farm Service Agency Loan Manager assigned to Plaintiffs was relocated,

and Plaintiffs were assigned a new Loan Manager.  *Id.* ¶ 7-8.  In January 2011, this Loan

Manager retired, and Plaintiffs were subsequently assigned their current Loan Manager.  *Id.* 10-

13.  Plaintiffs allege that despite a request for assistance, their new Loan Manager did not

provide any help in developing Plaintiffs' 2012 farm operating plan.  *Id.* ¶ 14.  Plaintiffs instead

secured the assistance of their former, now retired Loan Manager, and submitted the required

documents in January 2012.  *Id.* ¶ 14.

On March 27, 2012, Plaintiffs' Loan Manager prepared a farm operating plan based on

the information provided by Plaintiffs that "projected negative net operating inflows and

---

Emergency Mot. for TRO and Emergency Mot. to Set Hr'g for Prelim. Inj. to Enjoin a
Foreclosure Hearing and Foreclosure Action against Pls. Pending This Suit or Pending Suit in the
Court of Federal Claims (Defs.' Opp'n), ECF No. [5]; and Pls.' Reply to Opp'n to Pls.'
Emergency Mot. for TRO and Emergency Mot. to Set Hr'g for Prelim. Inj. to Enjoin a
Foreclosure Hearing and Foreclosure Action against Pls. Pending This Suit or Pending Suit in the
Court of Federal Claims ("Pls. Reply"), ECF No. [7].  The Court also considers the arguments in
Defendants' Motion to Dismiss, ECF No. [4], to the extent that Defendants incorporate them into
their Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunctive Relief.  *See*
Defs.' Opp'n at 1 ("This memorandum incorporates the motion to dismiss. . . .").  In an exercise
of its discretion, the Court finds that holding oral argument in this action would not be of
assistance in rendering a decision. *See* LCvR 7(f).

negative net cash available from the projected livestock and poultry sales" from their farm.  *Id.* ¶ 16.  Based on this projection, Plaintiffs' Loan Manager informed them that they did not qualify for any FSA Primary Loan Servicing programs.  *Id.* ¶ 17. Plaintiffs subsequently submitted a Farm Business Plan Worksheet that projected their cash flow for 2012 using their own historical sales data rather than a national average.  *Id.* ¶ 18-19.  Plaintiffs' Loan Manager prepared a second farm operating plan in May 2012, this time showing "positive net operating inflows and positive net cash available for operations."  *Id.* ¶ 20.  Plaintiffs were instructed to meet with their Loan Manager to finalize approval of this plan, but at this meeting, the Loan Manager notified Plaintiffs that she had decided not to use this second plan.  *Id.* ¶ 21-22.  Plaintiffs were then informed that "because they did not qualify for any FSA Primary Loan Servicing program, they would be required to make monthly debt payments of $3,100.00 to the USDA to avoid foreclosure on the deed of trust held by the USDA-FSA for the plaintiffs' farm and home in Nash County, North Carolina."  *Id.* ¶ 22.

In June 2012, a third farm operating plan was prepared by the Loan Manager, further reducing the anticipated sales of livestock and repeating the projection of negative cash flow.  *Id.* ¶ 23.  Because Plaintiffs' farm does not generate sufficient income to pay $3,100.00 per month, they have defaulted on their obligations due under the promissory note.  *Id.* ¶ 26.  Plaintiffs allege that qualification for the USDA-FSA Primary Loan Servicing Program would have allowed them to make payments that are "substantially less" than the Plaintiffs' annual non-farm income, thereby enabling Plaintiffs to meet their payment obligations under the promissory note to the USDA-FSA.  *Id.* ¶ 27-28.  Plaintiffs allege that their Loan Manager approved farm operating plans of "similarly situated white Caucasian livestock farmers," and that the "rejection of [their] application to participate in a USDA-FSA Primary Loan Servicing Program [was]

based upon [their] race." *Id.* ¶ 27-31.  Although Plaintiffs met multiple times with the State

Director of the USDA-FSA to seek reversal of the USDA-FSA's decision, these meetings were

unsuccessful.  *Id.* ¶ 33.

Plaintiffs allege that the decisions taken by their Loan Manager were "willful and taken

in known and reckless disregard[] of the Plaintiff[s'] rights under the Equal Credit Opportunity

Act" and that as a "direct and proximate result of the discriminatory actions and omissions" of

the USDA, Plaintiffs have "suffered actual damages and several emotional distress." *Id.* ¶ 37.

Plaintiffs further allege that the Government "violated the Pigford Consent Decree by attempting

to foreclose on the subject property [and] by failing to provide a hearing on the merits by [the]

Office of the Monitor and a hearing on the merits by the Administrative Law Judge for

continuous discriminatory acts because the Plaintiffs are black and members of a protective

class[,] in accordance to 14012 of the Consent Decree and the 2008 Food Energy Conservation

Act." *Id.* ¶ 52.  Plaintiffs seek damages of $5,000,000 and bring claims under several state and

federal statutes, *inter alia*, the Equal Credit Opportunity Act ("ECOA"), the Administrative

Procedure Act ("APA"), N.C. General Statute §1-52(9), and 42 U.S.C. §§ 1983, 1985, 1986.  *Id.*

¶ 38-50.

## II. PROCEDURAL POSTURE

Plaintiffs filed this action on August 14, 2015.  *Id.*  Plaintiffs filed their Motion for

Preliminary Injunctive Relief on August 31, 2015, seeking to enjoin a foreclosure action brought

by the United States in the Eastern District of North Carolina, *United States v. Wise*, No. 5:14-

CV-844-FL (E.D.N.C. Nov. 19, 2014) ("the Foreclosure Action").  Pls.' Mot. at 1.  Plaintiffs'

Motion for Preliminary Injunctive Relief seeks to enjoin the Foreclosure Action until a separate

case brought by Plaintiffs in the Court of Federal Claims "has commenced and/or the case has

been resolved." Pls.' Mot. at 1.  On August 31, 2015 the Court of Federal Claims dismissed that

case for lack of jurisdiction, because the claims—which are essentially identical to Plaintiffs'

claims in this action—were already pending in federal courts in North Carolina.  *See* Order of

Dismissal, *Wise v. United States*, No. 1:14-cv-01162-MCW (Fed. Cl. Aug. 31, 2015).[4]  Plaintiffs'

Motion for Preliminary Injunctive Relief also cites a September 14, 2015 hearing in the

Foreclosure Action, concerning all pending motions in that action, including the Government's

motion for summary judgment on the foreclosure.  *Id.*  The Government filed its motion for

summary judgment in the Foreclosure Action on March 10, 2015.  *See* Motion for Summary

Judgment on Foreclosure and Sale, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Mar.

10, 2015).  The summary judgment motion has been fully briefed by the parties, and it is ripe for

a decision by the court in North Carolina.

### III. LEGAL STANDARD

A temporary restraining order or preliminary injunction is "an extraordinary remedy that

may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v.*

*Natural Res. Def. Council, Inc.*, 555 U.S. 7, 21 (2008).  A plaintiff seeking a preliminary

injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to

suffer irreparable harm in the absence of preliminary relief, (3) that the balance of the equities

tips in his favor, and (4) that an injunction would be in the public interest.  *Id.* at 20.  "The four

factors have typically been evaluated on a 'sliding scale.' " *Davis v. Pension Benefit Guar.*

*Corp.*, 571 F.3d 1288, 1291 (D.C.Cir.2009).  Under this sliding scale, "[i]f the movant makes an

---

[4] On September 11, 2015, the Court of Federal Claims denied Plaintiffs leave to file a motion for injunctive relief similar to this one.  *See* Order Returning Unfiled: "Emergency Motion to Set Hearing for Temporary Restraining Order and Preliminary Injunction to Enjoin the United States from Foreclosing on Property Pending the Resolution of this Suit", *Wise v. United States*, No. 1:14-cv-01162-MCW (Fed. Cl. Sept 11, 2015)

unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Id.* at 1291–92.

"It is particularly important for the [movant] to demonstrate a substantial likelihood of success on the merits." *Barton v. District of Columbia,* 131 F.Supp.2d 236, 242 (D.D.C.2001) (citing *Benten v. Kessler,* 505 U.S. 1084, 1085, 112 S.Ct. 2929, 120 L.Ed.2d 926 (1992)).  If the movant fails to do so, inquiry into the remaining factors is unnecessary, for the injunctive relief must be denied on that ground alone.  *See Transohio Sav. Bank v. Dir., Off. of Thrift Supervision,* 967 F.2d 598, 614 (D.C.Cir.1992) (affirming denial of preliminary injunction where the district court properly concluded that the plaintiff had "no likelihood of success on the merits"); *Katz v. Georgetown Univ.,* 246 F.3d 685, 688 (D.C.Cir.2001) ("[A]lthough we apply a four-factor test in weighing a request for a preliminary injunction, such relief never will be granted unless a claimant can demonstrate 'a fair ground for litigation.' ") (quoting *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 844 (D.C.Cir.1977)); *Taylor v. Resolution Trust Corp.,* 56 F.3d 1497, 1507 (D.C.Cir.) ("Given the inadequacy of [plaintiff]'s prospects for success on the merits, there may be no showing of irreparable injury that would entitle him to injunctive relief."), *amended on other grounds on reh'g,* 66 F.3d 1226 (D.C.Cir.1995).  In addition, the movant must establish that irreparable injury is likely, "not just a possibility." *Winter,* 555 U.S. at 21.

## IV. DISCUSSION

Through their Motion for Preliminary Injunctive Relief, Plaintiffs seek to enjoin the Foreclosure Action currently before the U.S. District Court in the Eastern District of North Carolina.  In order for the Court to grant injunctive relief, Plaintiffs must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the

absence of preliminary relief, (3) that the balance of the equities tips in their favor, and (4) that an injunction would be in the public interest.  *Winter*, 555 U.S. at 20.

**A.  Likelihood of Success on the Merits**

A plaintiff seeking a preliminary injunction must first establish that he is likely to succeed on the merits.  *Id*.  At minimum, the plaintiff must demonstrate that he has a "fair ground for litigation" and that plaintiff's claims are worthy of "more deliberative investigation."  *Wash. Metro. Area Transit Comm'n,* 559 F.2d at 841.  Where the plaintiff demonstrates little to no likelihood of success on the merits, the district court must deny injunctive relief.  *See Transohio Sav. Bank,* 967 F.2d at 614.

Plaintiffs argue that they are likely to succeed on the merits, citing to the facts alleged in the Complaint.  Defendants argue that the Plaintiffs are unlikely to succeed on the merits because Plaintiffs' claims are barred under the first-to-file rule and the doctrine of res judicata.  *See* Defs.' Opp'n at 2.

a.  Prior and Pending Litigation Involving Plaintiffs' Claims

This is not the first time that Plaintiffs have attempted to litigate claims based on the denial of the Plaintiffs' farm operating loan in 2012.  Plaintiffs made identical allegations via a counterclaim in the Foreclosure Action currently pending in the U.S. District Court for the Eastern District of North Carolina.  *See* Counterclaim against USDA, *et al.*, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Dec. 02, 2014).  In the Foreclosure Action, the court dismissed the counterclaims under the doctrine of *res judicata*, or collateral estoppel.  *See* Text Order, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. June 29, 2015).  *Res judicata* barred the counterclaims because they were "essentially identical" to the claims dismissed with prejudice in an earlier case also brought by Plaintiffs containing identical discrimination

allegations against the Government.  *See Wise v. U.S. Dep't of Agric.,* No. 4:13-CV-234-BO,

2014 WL 5460606, at *4 (E.D.N.C. Oct. 27, 2014) *aff'd*, 592 F. App'x 203 (4th Cir. 2015)

(denying plaintiffs leave to file a second amended complaint because doing so would be

"futile").  The court's dismissal of the counterclaims is not final, however, because the

Foreclosure Action is still pending.  If Plaintiffs do not prevail, the Plaintiffs will have a right to

appeal the decision once a final judgment is entered.

     b.  <ins>First-to-File Rule</ins>

Under the first-to-file rule, district courts have the discretion to dismiss a pending action

when faced with parallel litigation of factually related actions filed in two separate forums.

*Handy v. Shaw*, 325 F.3d 346, 349 (D.C. Cir. 2003).  As the Supreme Court has observed,

"though no precise rule has evolved, the general principle is to avoid duplicative litigation"

between federal district courts. *Colo. River Water Conservation Dist. v. United States*, 424 U.S.

800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (citations omitted).  "The usual rule in this

circuit has been that where two cases between the same parties on the same cause of action are

commenced in two different Federal courts, the one which is commenced first is to be allowed to

proceed to its conclusion first."  *UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118,

1124 (D.C. Cir. 2012) (internal editing and citations omitted).

In some circumstances, equitable considerations may lead a court to depart from the usual

application of the first-to-file rule, but no such considerations appear to apply to the instant case.

*See Stone & Webster, Inc. v. Georgia Power Co.*, 965 F. Supp. 2d 56 (D.D.C. 2013) *aff'd*, 779

F.3d 614 (D.C. Cir. 2015) (stating that equitable considerations under the first-to-file rule may

include whether the first action was filed in the midst of good faith settlement discussions;

whether the cases have progressed very far; and whether full, fair, and complete adjudication of

all issues may be had before the present court).  The United States' foreclosure action was

brought in North Carolina, the State where the property is located, where the Plaintiffs live,

where the individuals named in the instant case reside, and where the events at issue in the case

occurred.  *See* Compl. ¶ 1-33.  The Foreclosure Action was brought nearly nine months before

the instant case was filed, and the United States' summary judgment motion in that case is ripe

for a decision by the court in North Carolina as to whether the requested foreclosure on the

property at issue has legal merit.  *See* Amended Notice of Hearing, *United States v. Wise*, No.

5:14-CV-844-FL (E.D.N.C. Sept. 4, 2015).  Under these facts, there does not appear to be any

equitable basis for departing from the usual rule in this Circuit for the application of the first-to-

file rule.  *See Stone & Webster*, 965 F. Supp. 2d at 60.  Accordingly, the first-to-file rule is likely

to bar this action from proceeding.

      c.  Res Judicata

      Under the doctrine of *res judicata,* or claim preclusion, "a final judgment on the merits of

an action precludes the parties or their privies from relitigating issues that were or could have

been raised in that action."  *Sheppard v. District of Columbia*, 791 F.Supp.2d 1, 4 (D.D.C.2011)

(quoting *Drake v. FAA,* 291 F.3d 59, 66 (D.C. Cir. 2002)).  "A judgment on the merits is one that

'reaches and determines the real or substantial grounds of action or defense as distinguished from

matters of practice, procedure, jurisdiction or form.' "  *Id.* at 7 (quoting *Saylor v. Lindsley,* 391

F.2d 965, 968 (2d Cir. 1968) (internal citations omitted)) (citing *Nwachukwu v. Karl,* 222 F.R.D.

208, 212 (D.D.C. 2004) (noting the judicial goal of "deciding cases on their merits, as opposed to

procedural mishaps dictating the outcome")).  A decision on a motion to dismiss under Rule

"12(b)(6) presents a ruling on the merits with *res judicata* effect."  *Haase v. Sessions,* 835 F.2d

902, 906 (D.C.Cir.1987).  "Whether two cases implicate the same cause of action turns on

whether they share the same 'nucleus of facts.' " *Drake,* 291 F.3d at 66 (quoting *Page v. United States,* 729 F.2d 818, 820 (D.C. Cir. 1984)).  To determine whether two cases share the same nucleus of facts, courts consider "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 78 (D.C.Cir.1997) (quotation omitted).  In short, in deciding whether *res judicata* applies, the Court must consider "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *NRDC v. EPA,* 513 F.3d 257, 260 (D.C.Cir.2008) (quoting *Smalls v. United States,* 471 F.3d 186, 192 (D.C. Cir. 2006)).

Here, Plaintiffs' claims are likely barred by *res judicata* because all four factors appear to be met.  The earlier litigation filed by Eddie Wise and Dorothy Wise against the Government involved identical allegations relating to the denial of Plaintiffs' farm loan in 2012.  *See Wise v. U.S. Dep't of Agric.,* No. 4:13-CV-234-BO, 2014 WL 5460606 (E.D.N.C. Oct. 27, 2014) *aff'd*, 592 F. App'x 203 (4th Cir. 2015).  The claims in Plaintiffs' complaint are identical to Plaintiffs' claims in the second amended complaint filed in the earlier action, with the exception that Plaintiffs' complaint adds a claim alleging that they are class members of the class action, *Pigford v. Glickman*, 182 F.R.D. 341 (D.D.C. 1998), and that the Defendants violated the *Pigford* Consent Decree by attempting to foreclose on Plaintiffs' property.[5]  *See* Compl. ¶ 52, 54.  Prior

---

[5] In *Pigford v. Glickman*, the court entered a Consent Decree, establishing a non-judicial claims resolution process for a class of African American farmers who alleged that they had been discriminated against on the basis of their race by the USDA in the provision of farm loans and subsidies and other federal agricultural benefits, and who further alleged that complaints they

court decisions, however, state that Plaintiffs did, in fact, opt of the *Pigford* class, and accordingly may not seek relief under the terms of the Consent Decree. *See Wise v. Glickman*, 257 F. Supp. 2d 123, 129 (D.D.C. 2003) ("Eddie Wise [and] Dorothy Wise . . . opted out of the *Pigford* class. Their claims are not precluded [by the *Pigford* Consent Decree].").  Opting out of the *Pigford* class, Plaintiffs filed a separate action alleging similar claims as those alleged by members of the *Pigford* class, but Plaintiffs were ultimately unsuccessful, and the U.S. Court of Appeals for the Fourth Circuit affirmed dismissal of the suit. *See Wise v. Vilsack*, No. 5:10-CV-197-BO, 2011 WL 381765 (E.D.N.C. Feb. 2, 2011) *aff'd sub nom. Wise v. Vilsack*, 496 F. App'x 283 (4th Cir. 2012), 496 F. App'x 283, 284 (4th Cir. 2012).

Turning to the next *res judicata* factor, the earlier litigation involved all of the parties involved in this case. *See Wise v. U.S. Dep't of Agric.*, No. 4:13-CV-234-BO, 2014 WL 5460606 (E.D.N.C. Oct. 27, 2014) *aff'd*, 592 F. App'x 203 (4th Cir. 2015).  Finally, the court's judgment was a "final, valid judgment" by a "competent jurisdiction."  The court dismissed Plaintiffs' ECOA claim, holding that Plaintiffs could not establish that they "were qualified for an extension of credit and that other similar situated applicants outside of plaintiffs' class were treated more favorably." *Id.* at *3.  The court also dismissed Plaintiffs' APA claim, stating that the Plaintiffs "have not even attempted to set out the elements of their APA cause of action." *Id.*  The court denied Plaintiffs leave to file a second amended complaint, stating that the amendment was "futile." *Id.* at *4.  These judgments were affirmed by the U.S. Court of Appeals for the Fourth Circuit. *See Wise*, 592 F. App'x at 203.  Accordingly, Plaintiffs' claims are likely barred by *res judicata*.

---

lodged about this discrimination were ignored by the USDA. *See Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C.1999); *see also In re Black Farmers Discr. Litig.*, 856 F.Supp.2d 1, 7–11 (D.D.C.2011) (recounting history of the *Pigford* litigation).

**B.  Irreparable Injury**

Even if the Plaintiffs could demonstrate that they are likely to succeed on the merits,

Plaintiffs have not shown that they are likely to suffer "irreparable harm" in the absence of

injunctive relief.  In order to establish irreparable harm, a plaintiff must show that its injury is

"great, actual, and imminent." *Hi–Tech Pharmacal Co. v. U.S. Food & Drug Admin.*, 587

F.Supp.2d 1, 11 (D.D.C. 2008).  The plaintiff must also "demonstrate that irreparable injury is

*likely* in the absence of an injunction" and not a mere possibility.  *Winter*, 555 U.S. at 22

(emphasis in original).  To establish that the harm is "irreparable," there must be no other

adequate legal remedies available.  *Monument Realty LLC v. Wash. Metro. Area Transit Auth.*,

540 F.Supp.2d 66, 74 (D.D.C.2008).

In certain circumstances, a party facing an "immediate" foreclosure sale of his property

on a "date certain" will suffer "irreparable harm" in the absence of preliminary relief, but no such

circumstances exist here.  *See Patriot-BSP City Ctr. II v. U.S. Bank Nat. Ass'n*, 715 F. Supp. 2d

91, 95 (D.D.C. 2010) (concluding that plaintiffs demonstrated a "substantial likelihood" that they

would face "actual and imminent harm" if the court did not enjoin the foreclosure sale of

plaintiffs' property scheduled to occur within the week).  Plaintiffs do not face an "immediate"

sale of their property, nor is a sale scheduled to occur at a certain date or time.  By contrast, the

court in North Carolina has scheduled a hearing for September 14, 2015, at which the court may

make a decision on the merits of the foreclosure action.  Even if the court rules against Plaintiffs

at the hearing, Plaintiffs would have a right to appeal that decision to the Fourth Circuit.

Plaintiffs' right to appeal would provide Plaintiffs with an "adequate legal remedy" in the

absence of injunctive relief.  *See Monument Realty*, 540 F.Supp.2d at 74 (D.D.C.2008).

Accordingly, Plaintiffs are not likely to suffer "irreparable harm" in the absence of an injunction.

**C.  Balance of Equities and Public Interest**

Finally, a plaintiff seeking a preliminary injunction must establish that the balance of the equities tips in its favor, and that an injunction would be in the public interest.  *Winter*, 555 U.S. at 20.  Here, an injunction would be not be in the public interest.  Plaintiffs' Motion for Preliminary Injunctive Relief seeks an order enjoining another federal court from adjudicating matters that have been briefed by the parties, are ripe for a decision, and are appealable to Fourth Circuit.  *See United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Nov. 19, 2014).  Such an order would violate the principles of comity that govern relationships among federal district courts.  *See American Chemical Plant Company v. Thompson Chemical Corporation*, 244 F.2d 64, 66-67 (9th Cir. 1957) ("Considerations of comity and judicial restraint should deter one court from thus, in effect, overruling the decisions of a court of co-ordinate jurisdiction.").  Accordingly, an injunction would be not be in the public interest.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' [3] Emergency Motion for Temporary Restraining Order and Emergency Motion to Set Hearing for Preliminary Injunction. The Court will rule on Defendants' [4] Motion to Dismiss at a later time, after the motion has been fully briefed by both parties.

An appropriate Order accompanies this Memorandum Opinion.

Dated: September 11, 2015

            /s/
            COLLEEN KOLLAR-KOTELLY
            United States District Judge