UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDDIE WISE, *et al.*,
    Plaintiffs,

v.

UNITED STATES, *et al.*,
    Defendants

Civil Action No. 15-01331 (CKK)

**MEMORANDUM OPINION**
(December 4, 2015)

    Plaintiffs filed the above-captioned action on August 14, 2015, alleging various state and federal claims, arising out of the circumstances surrounding the denial of a farm operating loan. Plaintiffs, although appearing *pro se*, are experience litigators, as the present suit follows a long line of actions brought by Plaintiffs in multiple district courts concerning the allegations at issue. In their Complaint, Plaintiffs name as Defendants, the United States, the United States Department of Agriculture ("USDA"), and Tom Vilsack in his official capacity as Secretary for the USDA (collectively, the "Federal Defendants"), as well as two USDA employees, Paula Nichols and Charles M. Huskey, in their official and individual capacities. The two USDA employees have not been served, and no counsel has made an appearance on their behalf.

    Presently before the Court are two motions: Federal Defendants' [13] Motion to Dismiss Plaintiffs' Amended Complaint ("Defendants' Motion to Dismiss") and Plaintiffs' [18] "Motion to Supplement Brief in Support of Judicial Review / Motion to Renew a Temporary Restraining Order and Preliminary Injunction and Set Forth a Hearing or in the Alternative a Notice to File." Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole,

---

[1] The Court's consideration has focused on the following documents: Complaint ("Compl."), ECF No. [1]; Pls.' Amended Complaint (Amend. Compl.), ECF No. [10]; Federal Defs.' Motion to Dismiss, ECF No. [13]; Pls.' Opposition to Federal Defs.' Motion to Dismiss, ECF No. [16];

1

the Court GRANTS Federal Defendants' [13] Motion to Dismiss.  The Court DENIES the relief requested by Plaintiffs in their [18] "Motion to Supplement Brief in Support of Judicial Review / Motion to Renew a Temporary Restraining Order and Preliminary Injunction and Set Forth a Hearing or in the Alternative a Notice to File."

The Court concludes that Plaintiffs have failed to state a claim upon which relief can be granted, and therefore, the Court shall dismiss Plaintiffs' claims against Federal Defendants.  Plaintiffs' claims against the two remaining Defendants, Paula Nichols and Charles M. Huskey, shall be dismissed under the doctrine of *res judicata*.  The Court shall enter JUDGMENT in favor of Defendants.  Accordingly, this action is DISMISSED in its entirety.

## I. BACKGROUND

As a preliminary matter, the Court accepts as true, for the purposes of the motions presently before the Court, the factual allegations in Plaintiff's Complaint, notwithstanding the fact that Plaintiffs have filed an Amended Complaint.  *See* ECF No. [10].  Normally, "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Charles Allen Wright & Arthur R. Miller, et al., § 1476 (2d ed. 1990).  Here, however, Plaintiffs' Amended Complaint consists of an abbreviated request for judicial review of a USDA decision denying Plaintiffs' request for a hearing.  *See* ECF No. [10].  Plaintiffs' Amended Complaint contains no background facts and does not state whether it incorporates the allegations made in Plaintiffs' Complaint.  *See* Pl.'s Amend. Compl., ECF No. [10].  Mindful of the Court's "obligation to construe pro se filings liberally," *Toolasprashad v. Bur. of Prisons*, 286

---

Federal Defs.' Reply in Support of their Motion to Dismiss, ECF No. [17]; Pls.' Motion to Supplement Brief in Support of Judicial Review / Motion to Renew a Temporary Restraining Order and Preliminary Injunction and Set Forth a Hearing or in the Alternative a Notice to File, ECF No. [18].

F.3d 576, 583 (D.C. Cir. 2002), the Court shall consider the allegations in Plaintiffs' Complaint as incorporated into Plaintiff's Amended Complaint. *See Sieverding v. U.S. Dep't of Justice*, 693 F. Supp. 2d 93, 101 (D.D.C. 2010). The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

**A. The USDA's Denial of Plaintiffs' Farm Loan in 2012**

As stated in the Complaint, Plaintiffs, Eddie and Dorothy Wise, are the operators of a livestock farm in Nash County, North Carolina. Compl. ¶ 2. Plaintiffs have previously received farm operating loans under the USDA-FSA Farm Loan Program. *Id.* ¶¶ 7-9. In September 1997, the Farm Service Agency Loan Manager assigned to Plaintiffs was relocated, and Plaintiffs were assigned a new Loan Manager. *Id.* ¶¶ 7-8. In January 2011, this Loan Manager retired, and Plaintiffs were subsequently assigned their current Loan Manager. *Id.* 10-13. Plaintiffs allege that despite a request for assistance, their new Loan Manager did not provide any help in developing Plaintiffs' 2012 farm operating plan. *Id.* ¶ 14. Plaintiffs instead secured the assistance of their former, now retired Loan Manager, and submitted the required documents in January 2012. *Id.*

On March 27, 2012, Plaintiffs' Loan Manager prepared a farm operating plan based on the information provided by Plaintiffs that "projected negative net operating inflows and negative net cash available from the projected livestock and poultry sales" from their farm. *Id.* ¶ 16. Based on this projection, Plaintiffs' Loan Manager informed them that they did not qualify for any FSA Primary Loan Servicing programs. *Id.* ¶ 17. Plaintiffs subsequently submitted a Farm Business Plan Worksheet that projected their cash flow for 2012 using their own historical sales data rather than a national average. *Id.* ¶¶ 18-19. Plaintiffs' Loan Manager prepared a second farm operating plan in May 2012, this time showing "positive net operating inflows and

positive net cash available for operations." *Id.* ¶ 20.  Plaintiffs were instructed to meet with their Loan Manager to finalize approval of this plan, but at this meeting, the Loan Manager notified Plaintiffs that she had decided not to use this second plan.  *Id.* ¶¶ 21-22.  Plaintiffs were then informed that "because they did not qualify for any FSA Primary Loan Servicing program, they would be required to make monthly debt payments of $3,100.00 to the USDA to avoid foreclosure on the deed of trust held by the USDA-FSA for the plaintiffs' farm and home in Nash County, North Carolina."  *Id.* ¶ 22.

In June 2012, a third farm operating plan was prepared by the Loan Manager, further reducing the anticipated sales of livestock and repeating the projection of negative cash flow.  *Id.* ¶ 23.  Because Plaintiffs' farm does not generate sufficient income to pay $3,100.00 per month, they defaulted on their obligations due under the promissory note.  *Id.* ¶ 26.  Plaintiffs allege that qualification for the USDA-FSA Primary Loan Servicing Program would have allowed them to make payments that are "substantially less" than the Plaintiffs' annual non-farm income, thereby enabling Plaintiffs to meet their payment obligations under the promissory note to the USDA-FSA.  *Id.* ¶¶ 27-28.  Plaintiffs also allege that their Loan Manager approved farm operating plans of "similarly situated white Caucasian livestock farmers," and that the "rejection of [their] application to participate in a USDA-FSA Primary Loan Servicing Program [was] based upon [their] race."  *Id.* ¶¶ 27-31.  Although Plaintiffs met multiple times with the State Director of the USDA-FSA to seek reversal of the USDA-FSA's decision, these meetings were unsuccessful. *Id.* ¶ 33.

**B. Plaintiffs' 2013 Lawsuit Challenging the USDA's Denial of Plaintiffs' Farm Loan**

On November 5, 2013, Plaintiffs filed an action in the Eastern District of North Carolina, challenging the above-described denial of Plaintiffs' farm loan under the Equal Credit Opportunity Act ("ECOA") and the Administrative Procedure Act ("APA").  *See Wise v. U.S.*

*Dep't of Agric.*, No. 4:13-CV-234-BO, 2014 WL 5460606 (E.D.N.C. Oct. 27, 2014) *aff'd*, 592 F. App'x 203 (4th Cir. 2015).  On October 27, 2014, the district court dismissed Plaintiffs' claims with prejudice and denied Plaintiffs' motion for leave to file a second amended complaint as futile.  *Id.* at *4.  With respect to Plaintiffs' ECOA claim, the court held that Plaintiffs "fail[ed] to adequately allege direct statements of discrimination, disparate impact, or disparate treatment."  *Id.*  The court also held that there were no grounds to grant Plaintiffs' requested relief under the APA.  *Id.*  In dismissing Plaintiffs' claims, the court observed that "Plaintiffs' litigation theme before this Court has been to delay by any means possible."  *Id.* at *4.

On February 3, 2015, the U.S. Court of Appeals for the Fourth Circuit affirmed the district court's decision for the reasons stated by the district court.  *Wise v. U.S. Dep't of Agric.*, 592 F. App'x 203 (4th Cir. 2015).

**C.  The North Carolina Foreclosure Proceeding**

On November 19, 2014, the United States brought a foreclosure action against Plaintiffs in the Eastern District of North Carolina.  *See United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Nov. 19, 2014) ("the Foreclosure Action").

On December 2, 2014, Plaintiffs filed a counterclaim essentially identical to Plaintiffs' second amended complaint that was dismissed in Plaintiffs' earlier action.  *See* Counterclaim, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Dec. 2, 2014), ECF No. [4].  On June 29, 2015, the district court dismissed the counterclaims under the doctrine of *res judicata*, or collateral estoppel.  *See* Text Order, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. June 29, 2015).

On October 6, 2015, the district court in North Carolina granted the United States' motion for summary judgment, noting that Plaintiffs "raised neither factual nor legal arguments attacking the merits of the government's position," and that Plaintiffs "relied solely on their

putative membership" in *Pigford v. Glickman*, 182 F.R.D. 341 (D.D.C. 1998).  *See* Order, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Oct. 6, 2015), ECF No. [66], at 3.  The district court firmly rejected Plaintiffs' contention, holding that "evidence of record conclusively establishes the fact that [Plaintiffs] opted out of the *Pigford* settlement." *Id.* at 8.

On November 18, 2015, the district court entered a judgment of foreclosure in favor of the United States.  *See* Judgment, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Nov. 18, 2015), ECF No. [75].  On November 23, 2015, Plaintiffs filed a notice of appeal, and the appeal is currently pending before the U.S. Court of Appeals for the Fourth Circuit.  *See United States v. Wise*, No. 15-2477 (4th Cir. Nov. 24, 2015).

**D.  The Instant Action**

On August 14, 2015—while the United States' motion for summary judgment was pending in the Foreclosure Action in North Carolina—Plaintiffs filed their Complaint in this action.  *See* Pls.' Compl., ECF No. [1].

a. Plaintiffs' Complaint

Plaintiffs' Complaint contains allegations regarding the denial of their 2012 farm loan that are identical to the allegations made by Plaintiff in the two litigations described above.  Specifically, the allegations are identical to the allegations made in Plaintiffs' second amended complaint in *Wise v. U.S. Dep't of Agric.,* No. 4:13-CV-234-BO, 2014 WL 5460606 (E.D.N.C. Oct. 27, 2014) *aff'd*, 592 F. App'x 203 (4th Cir. 2015) and to the allegations made in Plaintiffs' counterclaims in *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Dec. 2, 2014).  Likewise, the claims relating to the allegations made in Plaintiffs' Complaint are identical to the claims brought by Plaintiffs in earlier litigations.  Plaintiffs bring their claims under various state and federal statutes, including *inter alia*, the ECOA, the APA, N.C. General Statute §1-52(9), and 42 U.S.C. §§ 1983, 1985, 1986.  Compl. ¶ 38-50.

6

Plaintiffs' Complaint also contains an allegation that they are class members of the class action, *Pigford v. Glickman*, 182 F.R.D. 341 (D.D.C. 1998), and that the United States has violated the *Pigford* Consent Decree by attempting to foreclose on Plaintiffs' property. *Id.* ¶ 52. Plaintiffs seek an injunction of the sale of their farm, and request an injunction against the United States from proceeding any further in the Foreclosure Action in North Carolina. *Id.* ¶ 56. Plaintiffs further contend that they are entitled to a hearing on the merits before an administrative law judge or the *Pigford* Consent Decree Monitor in accordance with the *Pigford* Consent Decree. *Id.*

    b. <u>Plaintiffs' Motion for a Temporary Restraining Order to enjoin the Foreclosure Action</u>

On August 31, 2015, Plaintiffs filed a Motion for a Temporary Restraining Order in this case, requesting that the Court immediately enjoin the Foreclosure Action in North Carolina. *See* ECF No. [3]. On September 11, 2015, this Court denied Plaintiffs' motion, holding that (1) Plaintiffs' claims regarding the 2012 farm loan were likely barred by *res judicata*; (2) the "first-to-file" rule likely barred this action from proceeding; and (3) Plaintiffs did in fact opt out of the *Pigford* class, and would not be entitled to any relief under the *Pigford* consent decree. *See* ECF No. [9], at 7-11. Additionally, the Court stated that it harbored "considerable doubt" that Plaintiffs' claims would survive Federal Defendants' [4] Motion to Dismiss Plaintiffs' Original Complaint, which was then pending before the Court, but not yet ripe. *See id.* at 2.

    c. <u>Plaintiffs' Amended Complaint and "Petition for Judicial Review"</u>

On September 10, 2015, Plaintiffs, filed an Amended Complaint as a matter of right under Fed. R. Civ. P. 15(a), which was titled "Petition for Judicial Review." *See* ECF No. [10]. In their motion for leave to amend their complaint, Plaintiffs stated that the "Petition for Judicial Review" would "covert (sic) the original complaint to a judicial review." *See* ECF No. [7], at 32. As previously noted, the Court is mindful of its "obligation to construe pro se filings liberally."

*Toolasprashad v. Bur. of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002).  Therefore the Court shall consider Plaintiffs' requests in their "Petition for Judicial Review"—which Plaintiffs have filed as their Amended Complaint—in addition to Plaintiffs' requests in their original Complaint.  *See Sieverding v. U.S. Dep't of Justice*, 693 F. Supp. 2d 93, 101 (D.D.C. 2010).

In Plaintiff's Amended Complaint, Plaintiffs repeat allegations made in their original Complaint, *see id.* ¶ 52, that they are entitled to a hearing on the merits under the *Pigford* Consent Decree.  *See* Pl. Amend. Compl., ECF No. [10], at 1.  Plaintiffs state that they have exhausted their administrative remedies by requesting a hearing before the USDA's administrative law judge, and that the USDA has refused to grant a hearing on the merits as described in the *Pigford* Consent Decree.  *Id.*

Plaintiffs' Amended Complaint is otherwise bare of any support for Plaintiffs' allegations.  Rather, Plaintiff's Amended Complaint simply quotes, without providing any context, two court opinions—*Garcia v. Vilsack*, 563 F.3d 519, 521-22 (D.C. Cir. 2009) and *Benoit v. Department of Agriculture*, 608 F.3d 17, 18 (D.C. Cir. 2010), which reference certain legislation passed by Congress in 1998.  *See* Pl. Amend. Compl., ECF No. [10], at 1-2.  That legislation—the Omnibus Consolidated and Emergency Supplemental Appropriations Act of 1999, Pub.L. No. 105-277, § 741(e), 112 Stat. 2681-31 (codified at 7 U.S.C. § 2279 Note) (hereinafter "Section 741")— concerned ECOA discrimination claims filed by farmers between 1981 and 1996, but were barred by the ECOA's limitations period.  *See Garcia*, 563 F.3d at 521-22.  The Section 741 legislation created a two-year window, ending on October 21, 2000, within which farmers could either file an action in federal district court under the ECOA or renew their administrative complaints before the Department of Agriculture.  *Id.*  Neither the legislation, nor the cited cases, provide any support for Plaintiffs' position, because Plaintiff's claims in this case arise from

Case 1:15-cv-01331-CKK   Document 20   Filed 12/04/15   Page 9 of 15

events occurring in 2012, well after the time period affected by the cited legislation. *See* Pl.'s Compl. ¶ 32-35.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, the Court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall Cnty. HealthCare Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). In considering a motion to dismiss a complaint brought by a *pro se* plaintiff, a court must also consider materials presented in such a plaintiff's opposition to the motion to dismiss. *Whole Foods*, 789 F.3d at 152.

## III. DISCUSSION

Federal Defendants have moved to dismiss Plaintiffs' case, arguing that Plaintiffs have failed to present a claim upon which relief can be granted. Federal Defs.' Mot. at 1-2. In their motion, Federal Defendants argue that Plaintiffs have already litigated their claims in federal

9

courts and in proceedings before the USDA's Office of Civil Rights, and that principles of prior adjudication bar Plaintiffs from relitigating their claims. *See id.* at 4-5. Federal Defendants further argue that the authorities cited by Plaintiffs in their Amended Complaint are inapplicable to Plaintiffs' case, Federal Defs.' Mot. at 4-6, and that Plaintiffs have no right under the ECOA to proceed via the administrative process before the USDA because Plaintiffs have already pursued their claims via the litigation process. Federal Defs.' Reply at 1-2.

The Court agrees with Federal Defendants' arguments and shall dismiss Plaintiffs' claims.[2]

**A. The Court shall dismiss Plaintiffs' claims alleged in their original Complaint.**

Plaintiffs' original Complaint includes (1) claims regarding the denial of Plaintiffs' 2012 farm loan and (2) claims that Plaintiffs are entitled, as class members of *Pigford v. Glickman*, to certain protections against foreclosure, such as an injunction of the sale of Plaintiffs' home and a hearing before an administrative law judge.

---

[2] Alternatively, the Court finds that it may dismiss Plaintiffs' case under the first-to-file rule, for the purpose of avoiding duplicative litigation and further waste of judicial resources. Under the first-to-file rule, district courts have the discretion to dismiss a pending action when faced with parallel litigation of factually related actions filed in two separate forums. *See Handy v. Shaw*, 325 F.3d 346, 349 (D.C. Cir. 2003). The United States brought its Foreclosure Action in North Carolina on November 19, 2014—nearly nine months before Plaintiffs filed the instant case in this court. Since then, Plaintiffs have repeatedly raised arguments in this proceeding that they have also raised in the Foreclosure Action. *See, e.g.,* Order Denying Motion for Reconsideration, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Nov. 18, 2015), ECF No. [74]. On November 18, 2015, the district court in North Carolina entered a judgment of foreclosure in favor of the United States. *See* Judgment, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Nov. 18, 2015), ECF No. [75]. Plaintiffs' appeal of that judgment is currently pending before the U.S. Court of Appeals for the Fourth Circuit. *See United States v. Wise*, No. 15-2477 (4th Cir. Nov. 24, 2015). Additionally, Plaintiffs have continued to file motions in the district court proceeding, even after filing their notice of appeal, as an apparent attempt to delay the Government's foreclosure on their property. *See* Motion to Stay or for Injunction Pending Appeal, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Nov. 23, 2015), ECF No. [77].

As discussed above and by this Court in its Memorandum Opinion dated September 11, 2015,[3] Plaintiffs have already litigated their claims regarding the denial of Plaintiffs' 2012 farm loan against all of the Defendants in this case. *See Wise v. U.S. Dep't of Agric.,* No. 4:13-CV-234-BO, 2014 WL 5460606 (E.D.N.C. Oct. 27, 2014) *aff'd*, 592 F. App'x 203 (4th Cir. 2015). On November 5, 2013, Plaintiffs filed an action in the Eastern District of North Carolina, challenging the denial of Plaintiffs' farm loan under the ECOA and the APA. *Id.* On October 27, 2014, the district court dismissed Plaintiffs' claims with prejudice and denied Plaintiffs' motion for leave to file a second amended complaint as futile. *Id.* at *4. Plaintiffs then appealed the district court's decision to the U.S. Court of Appeals for the Fourth Circuit, which issued a final judgment on February 3, 2015, affirming the district court's dismissal of Plaintiffs' claims. *Id.* Accordingly, Plaintiffs' claims regarding the denial of Plaintiffs' 2012 farm loan are barred by *res judicata*. *See NRDC v. EPA,* 513 F.3d 257, 260 (D.C. Cir. 2008).[4]

Plaintiffs also claim that they are entitled, as class members of *Pigford v. Glickman*, to certain protections against foreclosure, such as an injunction against the selling of Plaintiffs' property and a hearing before an administrative law judge or the *Pigford* Consent Decree Monitor. These claims must also be dismissed. As discussed above and by this Court in its Memorandum Opinion dated September 11, 2015,[5] Plaintiffs opted out of the *Pigford* class

---

[3] *See Wise v. United States*, No. CV 15-01331 (CKK), 2015 WL 5332080, at *3-*4 (D.D.C. Sept. 11, 2015) (ECF No. [9], at 8-11).

[4] The Court notes that Plaintiffs' only claims with respect to the two USDA employees, Paula Nichols and Charles M. Huskey, are claims regarding the denial of Plaintiffs' 2012 farm loan, which are barred by *res judicata*. *See* Compl. ¶¶ 5-6.

[5] *See Wise v. United States*, No. CV 15-01331 (CKK), 2015 WL 5332080, at *4 (D.D.C. Sept. 11, 2015) (ECF No. [9], at 10-11).

action. *See Wise v. Glickman*, 257 F. Supp. 2d 123, 129 (D.D.C. 2003) ("Eddie Wise [and] Dorothy Wise . . . opted out of the *Pigford* class."). Plaintiffs instead chose to file a separate action alleging similar claims as those alleged by members of the *Pigford* class, but Plaintiffs were ultimately unsuccessful, and the U.S. Court of Appeals for the Fourth Circuit affirmed dismissal of the suit. *See Wise v. Vilsack*, No. 5:10-CV-197-BO, 2011 WL 381765 (E.D.N.C. Feb. 2, 2011) *aff'd sub nom. Wise v. Vilsack*, 496 F. App'x 283 (4th Cir. 2012). Accordingly, Plaintiffs are not entitled to an injunction prohibiting the sale of Plaintiffs' property or an injunction against Defendants from proceeding with the Foreclosure Action on grounds that they are part of the *Pigford* class.[6]

**B. The Court shall dismiss Plaintiffs' claims alleged in their Amended Complaint.**

Plaintiffs' Amended Complaint contains a "Petition for Judicial Review," wherein Plaintiffs continue to argue that they are entitled to a hearing on the merits before either a USDA administrative law judge or before the *Pigford* Consent Decree Monitor. *See* Pl. Amend. Compl., ECF No. [10], at 1. As discussed above, Plaintiffs are not entitled to a hearing under *Pigford* because they opted out of the *Pigford* class and are not privy to the protections under the *Pigford* Consent Decree.

Plaintiffs are also not entitled to a hearing under the authorities cited in Plaintiffs' Amended Complaint. The Section 741 legislation cited by Plaintiffs created a two-year window, ending on October 21, 2000, within which the farmers could either file an action in federal district court under the ECOA or renew their administrative complaints before the Department of

---

[6] The Court finds it unnecessary to address whether Plaintiffs' requests for injunctive relief have been mooted by the November 18, 2015 order by the district court in the Foreclosure Action issuing judgment of foreclosure in favor the United States, or by Plaintiffs' pending appeal of that decision before the U.S. Court of Appeals for the Fourth Circuit. *See* Judgment, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Nov. 18, 2015), ECF No. [75].

Agriculture. *Id.* Plaintiff's claims in this case arise from events occurring in 2012—well after the time period referenced in the cited legislation. *See* Pl.'s Compl. ¶ 32-35. Accordingly, this legislation does not provide any support for Plaintiffs' position.

**C. The Court shall deny the relief requested in Plaintiffs' motion.**

On November 25, 2015, Plaintiffs filed a "Motion to Supplement Brief in Support of Judicial Review / Motion to Renew a Temporary Restraining Order and Preliminary Injunction and Set Forth a Hearing or In the Alternative, a Notice to File."

In their motion, Plaintiffs appear to request that the Court review a November 17, 2015 order issued by a USDA administrative law judge dismissing an administrative complaint filed by Plaintiffs on October 6, 2015 regarding the denial of their 2012 farm loan. *See* Exhibit 1 to Pl.s' Mot. Plaintiffs allege that they are entitled to relief under the APA because "the agency did abuse it's (sic) discretion by not holding a formal hearing as requested." *Id.* at 6. Plaintiffs specifically ask this Court to issue a "temporary restraining order or preliminary injunction because the Administrative Law Judge has simply continue (sic) the pattern of refusal or review by the agency" and "was misguided in the order to dismiss." *Id.* at 4. In support of their motion, Plaintiffs repeat their contentions that they are entitled to a hearing under the *Pigford* Consent Decree—arguments that the Court has rejected above.

In their motion, Plaintiffs also appear to put forward a new argument that they are entitled to moratorium relief on the pending foreclosure under 7 C.F.R. § 766.358, apparently because they have pending a discrimination claim for administrative review. Pl.'s Mot. at 6. The Court takes judicial notice that Plaintiffs recently made this argument in their filings in the Foreclosure Action pending in North Carolina. *See* Order Denying Motion for Reconsideration, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Nov. 18, 2015), ECF No. [74], at 18. In the Foreclosure Action, the district court rejected Plaintiffs' arguments, explaining that 7 C.F.R.

13

§ 766.358 provides for a moratorium only until such discrimination claim "has been resolved by the USDA or closed by a court of competent jurisdiction." 7 C.F.R. § 766.358(a). *Id.* at 18-19. In Plaintiffs' case, their discrimination claim regarding the denial of their 2012 farm loan was "closed by a court of competent jurisdiction" on February 3, 2015 when the U.S. Court of Appeals for the Fourth Circuit issued a final judgment, affirming the lower court's dismissal of Plaintiffs' discrimination claim regarding the denial of their 2012 farm loan. *See Wise v. U.S. Dep't of Agric.,* No. 4:13-CV-234-BO, 2014 WL 5460606 (E.D.N.C. Oct. 27, 2014) *aff'd*, 592 F. App'x 203 (4th Cir. 2015).

In other words, as Federal Defendants note in their Reply brief, "a farmer who believes that he or she has been denied Department of Agriculture benefits because of their race, in violation of the Equal Credit Opportunity Act, has two options: they can proceed via an administrative process before the Department of Agriculture or by proceeding in the first instance by filing a civil action in court. They cannot do both." Federal Defs.' Reply at 1-2. Here, Plaintiffs have chosen to litigate their claims through multiple court actions, which have been dismissed. Plaintiffs do not now have the right to decide to proceed via the administrative process or receive moratorium relief on the pending foreclosure under 7 C.F.R. § 766.358.

Finally, the Court observes that Plaintiffs have not provided any grounds for entitlement to relief under the APA with regard to the November 17, 2015 order issued by the USDA administrative law judge. As a preliminary matter, Plaintiff has not shown that the November 17, 2015 order issued by the USDA administrative law judge constitutes a "final agency action" under subject to review under the APA. *See* 7 C.F.R. § 15f.24 (stating that a USDA administrative law judge shall first issue a "proposed determination," which will "become the final determination *35 days* after it is made," unless the plaintiff requests review of the proposed

determination by the Office of the Assistant Secretary for Civil Rights). Furthermore, as discussed above, Plaintiffs are not entitled to a hearing before a USDA administrative law judge under the *Pigford* Consent Decree or any of the regulations cited by Plaintiffs. Accordingly, the Court cannot conclude that Plaintiffs are entitled to relief under the APA, or that the agency abused its discretion by not holding a formal hearing as requested by Plaintiffs.[7]

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Federal Defendants' [10] Motion to Dismiss. The Court DENIES the relief requested by Plaintiffs in their [18] "Motion to Supplement Brief in Support of Judicial Review / Motion to Renew a Temporary Restraining Order and Preliminary Injunction and Set Forth a Hearing or in the Alternative a Notice to File."

The Court concludes that Plaintiffs have failed to state a claim upon which relief can be granted, and therefore, the Court shall dismiss all claims against Federal Defendants. Plaintiffs' claims with respect to the two remaining Defendants, Paula Nichols and Charles M. Huskey, shall be dismissed under the doctrine of *res judicata*. Accordingly, the Court shall enter JUDGMENT in favor of all Defendants, and this action shall be DISMISSED in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

Dated: December 4, 2015

                                                      /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge

---

[7] The Court further observes that Plaintiffs have already been afforded numerous opportunities to voice their arguments in administrative proceedings before the USDA and in litigation proceedings before federal courts. Plaintiffs were most recently afforded an opportunity to make their arguments at a hearing on September 28, 2015 in the Foreclosure Action pending in North Carolina. Plaintiffs, however, did not attend the hearing. *See* Order Granting Motion for Summary Judgment, *United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C. Oct. 9, 2015), ECF No. [66].