## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDDIE WISE, *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> UNITED STATES, *et al.*, <br>     Defendants | Civil Action No. 15-01331 (CKK) |

## MEMORANDUM OPINION
(December 29, 2015)

Having carefully considered *pro se* Plaintiffs' [21] Motion for Reconsideration under Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b), the Court concludes that Plaintiffs have provided no basis for the Court to alter or amend the judgment issued in this case on December 4, 2015.

Motions under Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment. *Niedermeier v. Office of Baucus*, 153 F.Supp.2d 23, 28 (D.D.C. 2001). Rule 59(e) motions are "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks omitted). Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed.1995)).

Rule 60(b) allows the Court, on motion or on just terms, to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of proof to show that he or she is entitled to the relief. *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011). "[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993). In exercising this discretion, the Court "must balance the interest in justice with the interest in protecting the finality of judgments." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

Here, Plaintiffs have not met their burden of showing any of the circumstances that would warrant relief from a final judgment under Rule 59(e) or Rule 60(b). Accordingly, for the reasons stated in the Court's [20] Memorandum Opinion dated December 4, 2015—which the Court fully incorporates and makes part of this Order—the Court DENIES Plaintiffs' [21] Motion for Reconsideration.

/s/

**COLLEEN KOLLAR-KOTELLY**
United States District Judge